IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ILLINOIS TOOL WORKS INC., <br> a Delaware Corporation, <br><br>                 Plaintiff, <br><br>     v. <br><br> FRITO-LAY NORTH AMERICA, INC., <br> f/k/a RECOT, INC., <br> a Delaware Corporation, <br><br>                 Defendant. | C.A. No. 06-054-GMS |

## JOINT STATUS REPORT

**1.    Jurisdiction and Service**

The parties agree that this Court has jurisdiction over the subject matter of, and the parties to, this action.

**2.    Substance of Action**

Plaintiff Illinois Tool Works Inc. ("ITW"), pursuant to 35 U.S.C. § 146, requests a review and reversal of the Final Decision and Decision on Motions ("Final Decision") dated November 29, 2005, entered by the Board of Patent Appeals and Interferences (the "Board") of the United States Patent and Trademark Office ("PTO") in Patent Interference No. 105,173 ("the '173 Interference"). The Board awarded priority of the subject matter of Counts 1 and 2 declared in the '173 Interference to Jurgovan. (The real party in interest for Jurgovan is Defendant Frito-Lay North America, Inc., formerly known as Recot, Inc. ("Frito-Lay")). As a result, the Board held that Jurgovan was entitled to the contested subject matter of U.S. Patent No. 5,972,396 ("the '396 patent"), U.S. Application No. 09/372,646 ("the '646 Application"),

and U.S. Application No. 09/481,723 ("the '723 Application") involved in the '173 Interference. As explained briefly below, ITW (which is the real party of interest of Ramsey) asserts that this Court should reverse the Final Decision.

Frito-Lay asserts that the Board's decision to award priority of the subject matter of Counts 1 and 2 in the '173 Interference to Jurgovan was entirely proper and that the Board's Final Decision should be affirmed in all respects.

### 3. Identification of Issues

ITW asserts that the issues to be resolved in this action include whether: (a) priority as to Counts 1 and 2 was properly awarded to Jurgovan; (b) Ramsey derived the subject matter of Counts 1 and 2 from Jurgovan; (c) Counts 1 and 2 are patentable over the prior art, an issue that Ramsey raised during the '173 Interference; and (d) Jurgovan is entitled to contested subject matter of the '396 patent and the '646 and '723 Applications.

Frito-Lay asserts that the issues to be resolved in this action include whether: (a) priority as to Counts 1 and 2 was properly awarded to Jurgovan; (b) Ramsey derived the subject matter of Counts 1 and 2 from Jurgovan; and (c) Jurgovan is entitled to contested subject matter of the '396 patent and the '646 and '723 Applications. Frito-Lay asserts that the Board made no decision regarding whether or not the subject matter of Counts 1 and 2 is patentable over the prior art and, therefore, this issue may not be raised by ITW in this action under 35 U.S.C. § 146.

### 4. Narrowing of Issues

ITW believes that it is premature to determine whether issues may be narrowed by way of stipulation or dispositive motions.

Frito-Lay believes that it would be very helpful to the parties and the Court to determine at the outset whether or not the issue of the patentability of the subject matter of Counts 1 and 2

may be raised in this action. As stated above, Frito-Lay asserts that the Board made no decision on this patentability issue in the Interference. Rather, the Board decided that ITW was precluded from pursuing that claim in the Interference because of ITW's failure to raise the patentability claim in the motions period. Accordingly, Frito-Lay contends that the patentability issue may not be raised by ITW in this action under 35 U.S.C. § 146. A threshold determination on this issue could significantly conserve the resources of the parties and the Court.

Frito-Lay also may file a request for permission to file one or more motions for summary judgment that could reduce the number of issues to be decided at trial.

**5.    Relief**

ITW seeks reversal of the Board's award of priority to Jurgovan and for priority to be awarded to Ramsey, and reversal of the Board's decision on derivation and a finding that Jurgovan derived Counts 1 and 2 from Ramsey. In the event that Ramsey is not entitled to an award of priority and/or derivation, the Court should conclude that Counts 1 and 2 are unpatentable over the prior art.

Frito-Lay seeks affirmance of the Board's determination that Ramsey derived the subject matter of Counts 1 and 2 from Jurgovan and affirmance of the Board's award of priority to Jurgovan. Frito-Lay further requests that ITW not be awarded any relief in connection with its Complaint. Finally, Frito-Lay respectfully requests that it be awarded its attorney's fees, disbursements, costs and expenses in this action – as permitted by 35 U.S.C. § 285 or otherwise – along with any other relief the Court deems to be just and proper.

**6.    Amendment of Pleadings**

The parties have agreed that, unless the Court orders otherwise, all motions to amend the pleadings shall be filed by May 15, 2007.

7.   **Joinder of Parties**

The parties have agreed that, unless the Court orders otherwise, all motions to join other parties shall be filed by May 15, 2007.

8.   **Discovery**

Discovery has not yet started. The parties have agreed that there should be no limit to the number of document requests or requests for admissions, only that the number be reasonable. The parties have also agreed that each side shall be limited to 25 interrogatories. Plaintiff proposes that each side be permitted to take up to 70 hours of fact depositions, and Defendant proposes that each side be permitted to take up to 100 hours of fact depositions, with the understanding that each deposition shall be limited pursuant to Fed. R. Civ. P. 30(d)(2) to one day of no more than seven hours. Defendant further believes that should the need arise later in the case to modify the above limits, the parties can and should work together to reach any reasonable accommodation that is available.

9.   **Estimated Trial Length**

The parties estimate that the trial of this case will take approximately 7 days. The parties jointly propose a trial in June or July 2008, or as soon thereafter as the Court's schedule permits. Attached as Exhibit A is a form of Scheduling Order indicating Plaintiff's and Defendant's proposals, with the differences in bold.

10.  **Jury Trial**

Neither party has demanded a jury trial.

11.  **Settlement**

The parties have discussed and are continuing to discuss settlement.

**12.    Other Matters**

Because confidential information will have to be exchanged in this action, the parties agree that a protective order will be necessary. They are discussing a form of stipulation and protective order, although no agreement has yet been reached and will abide by the Local Rules in the interim.

Counsel for the parties have conferred about each of the above matters.

| MORRIS, NICHOLS, ARSHT & TUNNELL | YOUNG CONAWAY STARGATT & TAYLOR |
|---|---|
| */s/ Rodger D. Smith II* | */s/ John W. Shaw* |
| William M. Lafferty (#2755) | John W. Shaw (#3362) |
| Rodger D. Smith II (#3778) | Karen L. Pascale (#2903) |
| 1201 N. Market Street | The Brandywine Building |
| P.O. Box 1347 | 1000 West Street, 17th Floor |
| Wilmington, DE 19899 | Wilmington, DE 19899-0391 |
| (302) 658-9200 | (302) 571-6600 |
| Attorneys for Plaintiff | Attorneys for Defendant |
| Illinois Tool Works Inc. | Frito-Lay North America, Inc |
| | |
| OF COUNSEL: | OF COUNSEL: |
| | |
| PITNEY HARDIN LLP | ROTHWELL, FIGG, ERNST |
| Gerald Levy | & MANBECK |
| Richard H. Brown | Joseph A. Hynds |
| Pitney Hardin LLP | Glenn E. Karta |
| 7 Times Square, 20th Floor | 1425 K Street NW, Suite 800 |
| New York, NY 10036 | Washington, DC 20005 |

548295

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ILLINOIS TOOL WORK INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 06-054-GMS |
| FRITO-LAY NORTH AMERICA, INC., f./k/a RECOT, INC., a Delaware corporation. | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

## [PROPOSED] SCHEDULING ORDER

This _____ day of December 2006, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(b) on December 11, 2006, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures**. Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before January 8, 2007.

2. **Joinder of Other Parties and Amendment of Pleadings**. Except for good cause shown, all motions to join other parties and amend the pleadings shall be filed on or before May 15, 2007.

3. **Discovery**. All fact discovery in this case shall he initiated so that it will be completed on or before July 31, 2007. Expert discovery in this case shall be initiated so that it will be completed on or before November 30, 2007. Expert reports on issues on which a party

will bear the burden of proof at trial shall be served by September 14, 2007, and rebuttal reports shall be served by October 29, 2007.

    a. **Discovery Disputes**.  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference.  Not less than forty-eight hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the court a letter agenda not to exceed two (2) pages outlining the issues in dispute.  Should the court find further briefing necessary upon conclusion of the telephone conference, the court shall order the party seeking relief to file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention.  The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**.  The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

    4. **Confidential Information and Papers Filed Under Seal**.  Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within 10 days from the date of this order.  When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

    **If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 3(a).**

5.  **Settlement Conference**.  Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.  If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

6.  **Summary Judgment Motions**.  Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion.  The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than November 30, 2007.  Answering letter briefs shall he no longer than five (5) pages and filed with the court no later than December 14, 2007.  Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before December 21, 2007**.**  The Court shall hold a status conference to hear argument and to determine whether the filing of any motion will be permitted on _____, 2008 at _____a.m.  **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 6.**

7.  **Case Dispositive Motions**.  Should the Court permit the filing of summary judgment motions, an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before January \_\_\_, 2008.  Parties must submit an original and two (2) copies.  Briefing will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative briefing schedule.  Any such agreement shall be in writing and filed with the Court for approval.

8.  **Applications by Motion**.  Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed with the

Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

      9. **Oral Argument**. If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to Local Rule 7.1.4.

      10. **Status/Daubert Conference.** On or before December 20, 2007, the parties shall submit a joint agenda identifying any Daubert issues that the parties intend to raise. The Court will hold a telephone conference on _____ to discuss Daubert issues identified in the joint agenda.

      11. **Pretrial Conference.** On _____ 2008**,** the Court will hold a Pretrial Conference in Chambers with counsel beginning at _____. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). Thirty (30) days before the joint proposed pretrial order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order. Motions *in limine*: No party shall file more than ten (10) motions *in limine*. Opening briefs on all motions *in limine* shall be filed by _____, with answering briefs by _____ and reply briefs by _____. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties will file with the Court the joint proposed final pretrial order with the information required by the form of

Final Pretrial Order which accompanies this Scheduling Order on or before

_____.

        12.    **Trial.** This matter is scheduled for a 7 day non-jury trial beginning at _____a.m. on _____.

        13. **Scheduling.** The parties shall direct any requests or questions regarding the scheduling and management of this matter to Chambers at (302) 573-6470.

Dated:

                                      _____
                                      UNITED STATES DISTRICT COURT JUDGE

548300