# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ILLINOIS TOOL WORKS INC.,      ) <br>     ) <br>     Plaintiff,     ) <br>     ) <br>     v.     ) <br>     ) <br>     ) <br> FRITO-LAY NORTH AMERICA, INC., f/k/a  ) <br> RECOT, INC.,     ) <br>     ) <br>     Defendant.     ) | Civil Action No. 06-054-GMS |

**APPENDIX ACCOMPANYING REPLY BRIEF IN SUPPORT OF REQUEST BY FRITO-LAY NORTH AMERICA, INC. THAT THE COURT DETERMINE THAT THE ISSUE OF UNPATENTABILITY OF THE CONTESTED SUBJECT MATTER MAY NOT BE LITIGATED IN THIS ACTION UNDER 35 U.S.C. § 146**

YOUNG CONAWAY STARGATT & TAYLOR LLP
John W. Shaw (#3362) [jshaw@ycst.com]
Karen L. Pascale (#2903) [kpascale@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone:  302-571-6600

*Of Counsel:*

Joseph A. Hynds
Glenn E. Karta
Lisa N. Phillips
ROTHWELL, FIGG, ERNST
 & MANBECK
1425 K Street NW, Suite 800
Washington, DC 20005
Telephone:  (202) 783-6040

February 23, 2007

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on February 23, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Rodger D. Smith, III, Esquire
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
Wilmington, DE 19801
rsmith@mnat.com

I further certify that I caused a copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### *By E-mail and FedEx*

Gerald Levy, Esquire
PITNEY HARDIN LLP
7 Times Square, 20th Floor
New York, NY 10036-7311
glevy@pitneyhardin.com

Richard H. Brown, III, Esquire
PITNEY HARDIN LLP
P.O. Box 1945
Morristown, New Jersey 07962-1945
rbrown@pitneyhardin.com

YOUNG CONAWAY STARGATT & TAYLOR LLP

February 23, 2007

/s/ *Karen L. Pascale*
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Phone: 302-571-6600
*Attorneys for Defendant,*
*Frito-Lay North America, Inc.*

United States Patent and Trademark Office

Before the Board of Patent Appeals and Interferences
(Interference Trial Section)

13 September 2004

# STANDING ORDER

This Order is promulgated by and for the Trial Section under Bd. R. 104 for use in contested cases.

## CONTENTS

Standing Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

¶ 1 Notice of confidential information . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

¶ 2 Record management . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    ¶ 2.1 Letters between counsel not to be filed . . . . . . . . . . . . . . . . . . . 4
    ¶ 2.2 No duplicate papers . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

¶ 3 Mandatory notices . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    ¶ 3.1 Real party-in-interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    ¶ 3.2 Related proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

¶ 4 Communications with the Board . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    ¶ 4.1 Default mode . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    ¶ 4.2 Filing by hand . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    ¶ 4.3 Overnight delivery services . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    ¶ 4.4 Telephone calls . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    ¶ 4.5 Facsimile . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

¶ 5 Copies of authority cited . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

¶ 6 Modification of the Standing Order . . . . . . . . . . . . . . . . . . . . . . . . . . 6

¶ 7 Paper format . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    ¶ 7.1 Footnotes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    ¶ 7.2 Cover sheet for papers other than exhibits . . . . . . . . . . . . . . . . 7
    ¶ 7.3 Combined oppositions and replies not to be filed . . . . . . . . . . . . 7
    ¶ 7.4 Copy for the administrative patent judge . . . . . . . . . . . . . . . . . . 7

¶ 8 Papers in electronic form . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    ¶ 8.1 Only a copy of a paper may be filed in electronic form . . . . . . . . 7
    ¶ 8.2 Format . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

¶ 9 Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    ¶ 9.1 Alternatives to EXPRESS MAIL® . . . . . . . . . . . . . . . . . . . . . . . 8
    ¶ 9.2 Papers served but not filed . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

C1

¶ 9.3 Transmittal sheets . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**¶ 10 Lead and backup counsel** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**¶ 11 Request for file copies** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**¶ 12 Later presented or contested claims** . . . . . . . . . . . . . . . . . . . . . . . . 9

**¶ 13 Motions** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    ¶ 13.1 Numbering motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    ¶ 13.2 Page limits in motions . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    ¶ 13.3 Format . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    ¶ 13.4 Statement of material facts . . . . . . . . . . . . . . . . . . . . . . . 10
    ¶ 13.5 Claim chart alternative . . . . . . . . . . . . . . . . . . . . . . . . . 10

**¶ 14 Oppositions and replies** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
    ¶ 14.1 Numbering oppositions and replies . . . . . . . . . . . . . . . . . . 11
    ¶ 14.2 Page limits in oppositions and replies . . . . . . . . . . . . . . . . 11
    ¶ 14.3 Opposition format . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
    ¶ 14.4 Reply format . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**¶ 15 Miscellaneous motions** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    ¶ 15.1 Mandatory conference call . . . . . . . . . . . . . . . . . . . . . . . 12
    ¶ 15.2 Timeliness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**¶ 16 Oral argument** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
    ¶ 16.1 Demonstrative exhibits . . . . . . . . . . . . . . . . . . . . . . . . . 13
    ¶ 16.2 Transcript of oral argument . . . . . . . . . . . . . . . . . . . . . . 13

**¶ 17 Request for rehearing** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
    ¶ 17.1 Form for request . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
    ¶ 17.2 Number of requests . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**¶ 18 Settlement discussions required** . . . . . . . . . . . . . . . . . . . . . . . . . 14
    ¶ 18.1 Last-named party initiates . . . . . . . . . . . . . . . . . . . . . . . 14
    ¶ 18.2 Initial conference . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
    ¶ 18.3 Subsequent conferences . . . . . . . . . . . . . . . . . . . . . . . . . 14
    ¶ 18.4 Filing notice of conferences . . . . . . . . . . . . . . . . . . . . . . . 15

**¶ 19 Admissibility of specification** . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**¶ 20 Form of evidence** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
    ¶ 20.1 Papers in a patent or application file . . . . . . . . . . . . . . . . . 15
    ¶ 20.2 Exhibit labels . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
    ¶ 20.3 Filing of exhibits . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
    ¶ 20.4 Exhibit list . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**¶ 21 Objections** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
    ¶ 21.1 Objecting to served evidence . . . . . . . . . . . . . . . . . . . . . . 16
    ¶ 21.2 Serving supplemental evidence . . . . . . . . . . . . . . . . . . . . . 17
    ¶ 21.3 Motion to exclude evidence . . . . . . . . . . . . . . . . . . . . . . . 17

**C2**

¶ 22 Cross examination . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
   ¶ 22.1 Time for cross examination . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
   ¶ 22.2 Notice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
   ¶ 22.3 Proponent responsible. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
   ¶ 22.4 Order of cross examination . . . . . . . . . . . . . . . . . . . . . . . . . . 18
   ¶ 22.5 Filing transcript . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
   ¶ 22.6 Cross examination guidelines . . . . . . . . . . . . . . . . . . . . . . . 18
   ¶ 22.7 Observations on cross examinations . . . . . . . . . . . . . . . . . 18

¶ 23 Expert testimony on patent law . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

¶ 24 Explaining tests and data . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

¶ 25 Adding an application or patent . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

¶ 26 Motions list . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

¶ 27 Notice under 35 U.S.C. 135(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

¶ 28 Specific substantive motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
   ¶ 28.1 Obviousness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
   ¶ 28.2 Inequitable conduct . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
   ¶ 28.3 Adding a reissue application . . . . . . . . . . . . . . . . . . . . . . . . . 21

Appendix of Forms . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Form 1.  Standard caption for an interference . . . . . . . . . . . . . . . . . . . . . . . 23

Form 2.  Typical schedule for motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Form 3.  Typical schedule for priority motions in an interference . . . . . . . . . . 25

Form 4.  File copy request . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Cross Examination Guidelines . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Index of Times . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

C3

## ¶ 1 Notice of confidential information

Some opinions are selected for publication to promote public understanding of Trial Section practice or to create uniform practices. If a party believes that its application contains information not otherwise publicly available that should be redacted from any opinion, the party must **within two (2) months** of the initiation of the contested case file as a separate paper a notice specifically identifying such information.

If additional information not otherwise publicly available is introduced into a contested case that a party believes should be redacted from any opinion, the party must promptly file a notice specifically identifying the information.

If, after filing such notice, specifically identified information becomes publicly available (for example, through publication of a collateral application), the party shall promptly notify the Board of this change in the status of the information.

## ¶ 2 Record management

### ¶ 2.1 Letters between counsel not to be filed

No letter between counsel may be filed unless it is filed as an exhibit cited in a motion, opposition, or reply, or during cross-examination.

### ¶ 2.2 No duplicate papers

A party may not file (not even as an appendix or exhibit) a copy of a paper previously filed in the same contested case.

## ¶ 3 Mandatory notices

### ¶ 3.1 Real party-in-interest

Within **fourteen (14) days** of the date of the Declaration, each party must file as a separate paper a notice of any and all right, title, or interest in any application or patent involved in the contested case.

4

**C4**

### ¶ 3.2 Related proceedings

Within **fourteen (14) days** of the initiation of a contested case, each party must file and serve as a separate paper a notice identifying the application or patent number of every United States application or patent claiming, or which may claim, the benefit of priority of the filing date of the party's involved patent or application. If there are no such applications or patents the notice must state this fact. If, during the course of the proceeding, a party files an application claiming, or which may claim, the benefit of the filing date of an involved application or patent, a notice of the filing, including the application number, must be promptly served and filed.

### ¶ 4 Communications with the Board

### ¶ 4.1 Default mode

Mail is the default mode of communication.

### ¶ 4.2 Filing by hand

Hand delivery to the Board must occur between the hours of 8:30 a.m. and 5:00 p.m at:[*]

Madison Building East, 9th Floor
600 Dulany Street
Alexandria, Virginia 22314

Any paper hand-delivered directly to the Board before 10:00 a.m. is deemed to have been filed the previous business day provided the paper was properly served the previous business day.

### ¶ 4.3 Overnight delivery services

Papers filed using an overnight delivery service must be addressed:[**]

---

[*] Prior to 6 October 2004, deliver to Crystal Gateway Two, Floor 10, 1225 South Clark Street, Arlington, Virginia.

[**] Prior to 6 October 2004, use Board of Patent Appeals and Interferences, Crystal Gateway Two, Floor 10, 1225 South Clark Street, Arlington, Virginia.

Board of Patent Appeals and Interferences
Madison Building East, 9th Floor
600 Dulany Street
Alexandria, Virginia 22314

Properly addressed papers filed are deemed filed on the date they are delivered to the overnight delivery service.

**¶ 4.4 Telephone calls**

Telephone calls to the Board regarding a contested case must be placed to 571-272-9797.[*] A telephone call requesting a conference call must be directed to Trial Section support staff.

**¶ 4.5 Facsimile**

The facsimile number for contested cases is 571-273-0042.[**] Do not send papers exceeding five (5) pages in length without prior permission from Trial Section support staff.

**¶ 5 Copies of authority cited**

If a party files a paper citing an authority that is not reported in (1) United States Reports or West Publishing Company's Supreme Court Reporter, (2) the second or third series of West's Federal Reports, or (3) the first or second series of the Bureau of National Affairs' United States Patents Quarterly, then the party must file and serve a copy of the authority.

**¶ 6 Modification of the Standing Order**

An administrative patent judge may modify the terms of this Order.

**¶ 7 Paper format**

**¶ 7.1 Footnotes**

The use of footnotes is discouraged. Footnotes must be double-spaced.

---

[*] Prior to 6 October 2004, use 703-308-9797.

[**] Prior to 6 October 2004, use 703-305-0942.

**C6**

**¶ 7.2 Cover sheet for papers other than exhibits**

**¶ 7.2.1  Caption**

The heading shown in Part G of the Declaration shall be used in all papers other than exhibits.  Form **1** in the Appendix of Forms shows a standard caption for an interference.

**¶ 7.2.2  Style**

The style of each paper must appear on a single line and must not use the words "et al".  Styles for papers other than motions, oppositions, and replies should be simple and descriptive.

**¶ 7.2.3  Color of cover sheet**

The first page of all papers filed in an contested case must be **pink** similar to the pink first page of the Declaration.

**¶ 7.3 Combined oppositions and replies not to be filed**

An opposition shall respond to only a single motion and a  reply shall respond to only a single opposition.

**¶ 7.4 Copy for the administrative patent judge**

A party must file (1) an original and (2) a copy of each paper filed.  The copy shall be marked at the top:

APJ COPY

**¶ 8 Papers in electronic form**

**¶ 8.1 Only a copy of a paper may be filed in electronic form**

Parties may file a copy of a paper in electronic form.  (A facsimile is not a paper in electronic form.)  The required number of paper copies must also be filed with the Board and served on all opponents.

**¶ 8.2 Format**

The Board can accept electronic copies in the following PC-compatible media:

7

**C7**

A compact disc,

3¼ inch diskette,

A 100 MB Zip® disk, or

A 2 GB Jaz® disk.

The electronic copy must be capable of:

(a)    Operating on a computer running WINDOWS XP.

(b)    Displaying on a monitor set to display at 256 colors on an 800 x 600 pixel
       screen setting.

(c)    Opening and being word searched in ADOBE ACROBAT READER,
       WORDPERFECT 9, or MICROSOFT WORD 2000.  Parties use other
       formats at their own risk.

The file name of each electronic document must concisely identify the content of
the document (e.g., Jones PM1.wpd, Smith Opp1.doc; Ex1038.pdf).  If a hearing is
requested, four copies of the electronic media should be filed with the Board and one
copy served on each opponent.

**¶ 9 Service**

**¶ 9.1 Alternatives to EXPRESS MAIL®**

Any other mode of service that accomplishes a same-day or overnight delivery of
the paper (e.g., by hand, facsimile, or a commercial overnight delivery service) may be
substituted for EXPRESS MAIL® service.

**¶ 9.2 Papers served but not filed**

The following papers must be served on an opponent, but should not be filed
with the Board at the time of service:

(a)    An objection to the admissibility of evidence.

(b)    A notice requesting cross-examination.

(c)    Automatic discovery pursuant to Bd. R. 150(b)(1).

8

**C8**

Such papers may be filed later as an exhibit if a dispute arises with respect to the paper served.

### ¶ 9.3 Transmittal sheets

Do not file a transmittal sheet listing papers being filed <u>except</u> an exhibit list may be filed when more than one exhibit is being filed.

### ¶ 10 Lead and backup counsel

The notice identifying counsel under Bd. R. 108(b) must identify both a lead counsel and a backup lead counsel, and must provide for each the contact information specified in Bd. R. 108(b)(1)-(b)(5).

If lead counsel or backup counsel are not counsel of record (37 CFR § 1.34(b)) in the involved application or patent, then a power of attorney must be filed with the Board for entry in the involved patent or application file within the **fourteen (14) day** period of Bd. R. 108(b).

### ¶ 11 Request for file copies

A party seeking copies of an involved or benefit file mentioned in the Declaration must, within **fourteen (14) days** of the date of the Declaration, file with the Board (not another part of the Office) a separate paper styled [Name of party] REQUEST FOR FILE COPIES to which is attached a completed FILE COPY REQUEST.  See Form 4 in the Appendix of Forms.

### ¶ 12 Later presented or contested claims

If a party moves to involve a new (or uninvolved) claim in the contested case, the movant must comply with the requirements of Bd. R. 110(a) and (b) for the new claim.

### ¶ 13 Motions

### ¶ 13.1 Numbering motions

Each motion of each party must be numbered consecutively, starting with one, regardless of the type of motion.

9

**C9**

**¶ 13.2 Page limits in motions**

A motion is limited to twenty-five (25) pages, not including a table of contents, a table of authorities, and the certificate of service.

**¶ 13.3 Format**

Each motion shall set out in the following order:

(a)     The precise relief requested.

(b)     The evidence (i.e., a list in numerical order of all exhibits) the movant cites in support of the motion with a brief description of the exhibit (e.g., "Exhibit 1038, Second Declaration of Jones").

(c)     A statement of facts in separately numbered paragraphs sufficient to establish entitlement to the requested relief, with citations to the evidence.

(d)     An argument setting out the reasons why relief should be granted.

**¶ 13.4 Statement of material facts**

Facts should be set out as short, numbered declaratory sentences that are capable of being admitted or denied.

Citation to the evidence must be specific, e.g., (1) by column and line of a patent, (2) page, column and paragraph of a journal article and (3) page and line of a cross-examination deposition transcript.

**¶ 13.5 Claim chart alternative**

As an alternative to a claim chart, a party may reproduce the complete claim in the appendix.  Following each limitation in the claim, and within braces { }, insert in bold a specific citation to the information to be compared to the limitation (such as where a prior art reference describes the limitation).  Braces { } must be used instead of brackets [ ] because brackets are used to indicate amended portions of claims in reissue applications.

10

**C10**

**¶ 14 Oppositions and replies**

**¶ 14.1 Numbering oppositions and replies**

Each opposition and reply must use the number of the motion to which it corresponds.

**¶ 14.2 Page limits in oppositions and replies**

An opposition is limited to twenty-five (25) pages, and a reply is limited to ten (10) pages, not including a table of contents, a table of authorities, and any certificate of service.

**¶ 14.3 Opposition format**

Each opposition shall set out in the following order:

(a) The evidence (i.e., a list in numerical order of all exhibits by number) the opponent cites in support of the opposition.

(b) For each material fact alleged in the motion, a concise statement admitting, denying, or stating that the opponent is unable to admit or deny the fact.

(c) Any additional material fact upon which the opposition relies, with a citation to the evidence. Any additional material fact must be consecutively numbered beginning with the next number after the last numbered material fact.

(d) An argument stating the reason why relief is opposed shall be made in the following manner:

On page x, lines y-z of the motion, it is argued (or stated factually) that _. The response is _.

**¶ 14.4 Reply format**

Each reply shall set out in the following order:

11

(a)     The evidence (i.e., a list in numerical order of all exhibits by number) the movant cites for the first time in support of the reply.

(b)     For each material fact alleged in the opposition, a concise statement admitting, denying, or stating that
the movant is unable to admit or deny the fact.

(c)     Any additional material fact upon which the movant relies to rebut the opposition, with a citation to the evidence and an explanation as to why each additional material fact was not set out in the motion.  Any additional material fact must be consecutively numbered beginning with the next number after the last numbered material fact.

(d)     The argument responsive to statements in the opposition shall be made in the following manner:

On page x, lines y- z of the opposition, it is argued (or stated factually) that _.  The response is _.

**¶ 15 Miscellaneous motions**

**¶ 15.1 Mandatory conference call**

Before filing a miscellaneous motion, a party must:

(a)     confer with all opponents and,

(b)     if agreement cannot be reached, arrange a conference call to the Board official administering the contested case.

**¶ 15.2 Timeliness**

The movant must explain why the motion is timely.

**¶ 16 Oral argument**

**¶ 16.1 Demonstrative exhibits**

Four copies (one for the record and one for each judge) of each demonstrative exhibit must be filed or be presented at oral argument. Demonstrative exhibits must be served in advance. Bd. R. 124(d).

Any special equipment needed for oral argument is the responsibility of the party needing the equipment.

**¶ 16.2 Transcript of oral argument**

When an argument is to be transcribed, the party should notify Trial Section support staff personnel at least one business day prior to oral argument so that arrangements may be made in the hearing room for the reporter.

The court reporter shall use a stenography machine and may also use a tape recording device as a backup. Microphones at individuals' locations are not authorized.

The party requesting transcription must arrange for the transcription and pay the costs. Parties are encouraged to share the costs.

**¶ 17 Request for rehearing**

**¶ 17.1 Form for request**

A request for rehearing of decision must set out in the following order:

(a)    The evidence (i.e., a list in numerical order of all exhibits by number) that the party believes was overlooked or misapprehended.

(b)    The argument responsive to the decision shall be made with particularity in the following manner:

On page _, lines _-_, the decision states _. The decision is believed to have overlooked [or misapprehended] _. This point was set forth in _ Motion [or Opposition or Reply] _ at page _, lines _-_.

13

**C13**

**¶ 17.2 Number of requests**

A party may file no more than one request for rehearing per motion decision.

**¶ 18 Settlement discussions required**

**¶ 18.1 Last-named party initiates**

The party named last on in the caption set in the declaration is responsible for
(1) initiating any settlement discussions, (2) initially drafting any document and
(3) initiating any conference call required by this paragraph.  The parties may agree to
permit another party to undertake the obligations placed upon the last-named party.

**¶ 18.2 Initial conference**

Within **three (3) months** of the date of the Declaration, the parties must conduct
a settlement conference and must initiate a conference call with the Board official
assigned to the case.  During the call, the parties should be prepared to report:

(a)    the outcome of the settlement discussion;

(b)    whether the parties are actively engaged in settlement negotiations
       and, if so, what steps have already been taken toward settlement;

(c)    whether any settlement negotiations are directed toward obviating
       the need for filing motions;

(d)    any issues that are not subject to settlement negotiations; and

(e)    the status of any settlement negotiations, including how much time might
       be needed to conclude those negotiations.

**¶ 18.3 Subsequent conferences**

Unless a different time is set in an order, within **two (2) months** after a panel
decision on substantive motions, the parties must conduct another settlement
conference and initiate another conference call with the Board on the conference as
provided in the preceding paragraph of this order.

**¶ 18.4 Filing notice of conferences**

Prior to initiating any conference call required by this paragraph, the parties must file (preferably by facsimile) a joint statement indicating that a good faith effort has been made to settle the contested case.

**¶ 19 Admissibility of specification**

A specification of an involved application or patent is admissible as evidence only to prove what the specification or patent describes. If there is data in the specification upon which a party intends to rely to prove the truth of the data, an affidavit by an individual having first-hand knowledge of how the data was generated (i.e., the individual who performed an experiment reported as an example in the specification) must be filed. This individual may be cross examined.

**¶ 20 Form of evidence**

**¶ 20.1 Papers in a patent or application file**

**¶ 20.1.1  Reliance on a portion of a file**

If a motion relies on any paper in the file of an involved or benefit patent or application (including a specification or drawings), a copy of the entire paper shall be made an exhibit in the contested case. Do not submit an entire application file as a single exhibit.

**¶ 20.1.2  No exception for affidavits**

An affidavit filed during *ex parte* prosecution of an involved or benefit application or patent is not automatically in evidence. A party seeking to have such an affidavit considered must place the affidavit in evidence. Each opponent will have an opportunity to object to the admissibility of the evidence and may cross examine the affiant. The party submitting the evidence will have an opportunity to supplement the evidence following a timely objection by an opponent. Bd. R. 155(b)(2).

15

**C15**

**¶ 20.2 Exhibit labels**

**¶ 20.2.1  Unique and consecutive**

Each exhibit from a party must be uniquely and consecutively numbered within the range the Board assigns to the party for the proceeding.

Unless otherwise provided in an order, the party named last in the caption set in the declaration is assigned the range 1001-1999, while the first-named party is assigned 2001-2999.

**¶ 20.2.2  Material covered on first page**

If an exhibit label covers important material on the first page of an exhibit, a copy of the first page of the exhibit must be reproduced and presented as page 1-a of the exhibit.

**¶ 20.3 Filing of exhibits**

A set of original exhibits must be filed in a box, an accordion folder, or a comparable folder containing the exhibits in numerical order, separated by a divider that conspicuously identifies each exhibit by number.

If any party requests oral argument, three (3) separate additional sets of exhibits must also be filed; otherwise, one (1) additional set of exhibits must be filed.

**¶ 20.4 Exhibit list**

A current list shall be served whenever evidence is served.

The exhibit list shall be filed with the exhibits.

**¶ 21 Objections**

**¶ 21.1 Objecting to served evidence**

An objection to the admissibility of evidence should not be filed except as part of a motion to exclude.

**C16**

**¶ 21.2 Serving supplemental evidence**

Supplemental evidence responding to an objection to the admissibility of evidence should not be filed until it is used as an exhibit.

**¶ 21.3 Motion to exclude evidence**

(a) A motion to exclude evidence shall:

(1)     identify where in the record the objection was originally made,

(2)     identify where in the record the evidence to be excluded was relied upon by an opponent, and

(3)     address objections to exhibits (in whole or in part) in exhibit numerical order.

(b) When a timely objection has been made (see SO ¶ 21.1), no conference call is necessary to file a motion to exclude.

**¶ 22 Cross examination**

**¶ 22.1 Time for cross examination**

The party relying on an affiant must make the affiant available for cross examination during the time required by this Order.  The parties must confer to reach agreement on dates and times for cross examination of witnesses.

**¶ 22.1.1  Start date**

Unless the parties otherwise agree, cross examination of an affiant may begin no earlier than twenty-one (21) days after service of the affidavit.

**¶ 22.1.2  End date**

Unless the parties otherwise agree,

(1)     Cross examination of affiant relied upon in a motion other than a miscellaneous motion must occur at least ten (10) days before the opposition to the motion is due.

17

**C17**

(2)     Cross examination of an affiant relied upon in an opposition to a motion

other than a miscellaneous motion shall take place at least ten

(10) days before a reply is due.

**¶ 22.2 Notice**

A notice requesting cross examination shall be served (but need not be filed).

**¶ 22.3 Proponent responsible.**

The party relying on an affiant is responsible for securing the services of a court

reporter and providing a copy of any transcript to every opponent.

**¶ 22.4 Order of cross examination**

While a party requesting cross examination may choose the order of the

witnesses, Bd. R. 157(c)(2), order must be reasonable.

**¶ 22.5 Filing transcript**

An uncertified copy of each deposition transcript must be filed as an exhibit.  A

certified transcript of testimony need not be filed unless required by the Board.

**¶ 22.6 Cross examination guidelines**

The cross examination guidelines appended to this Order apply to all cross

examination in this contested case.

**¶ 22.7 Observations on cross examinations**

Cross examination may occur after a party has filed its last substantive paper on

an issue (e.g., after the reply) and result in testimony that should be called to the

Board's attention but does not merit a motion to exclude.  The Board may authorize the

filing of observations to identify such testimony and responses to observations.

An observation must be a concise statement of the relevance of precisely

identified testimony to a precisely identified argument or portion of an exhibit (including

another part of the same testimony).  Any response should be equally concise.  An

observation (or response) is not an opportunity to raise new issues, to re-argue issues, or to pursue objections. Each observation should be in the following form:

> In exhibit _, on page _, lines_, the witness testified _. This testimony is relevant to the _ on page _ of _. The testimony is relevant because _.

The entire observation should not exceed

one short paragraph.

## ¶ 23 Expert testimony on patent law

Affidavits of patent law experts on issues of law generally will not be admitted in evidence.

## ¶ 24 Explaining tests and data

Any explanation should take place through affidavit testimony of a witness, preferably accompanied by citation to relevant pages of standard texts (which should be filed as exhibits).

## ¶ 25 Adding an application or patent

A suggestion to add an application or patent to an interference must be in the form of a miscellaneous motion. Bd. R. 121(a)(3). The motion must:

(a)   identify the application or patent to be added;

(b)   certify that a complete copy of the file wrapper for the application or patent has been served on all opponents;

(c)   indicate which claims of the patent or application should be designated as corresponding to the count; and

(d)   explain whether there are alternative remedies; if so, why alternative remedies are not adequate; and what attempts, if any, have been made to have the examiner recommend declaration of another interference involving the application or patent sought to be added to the interference.

19

**¶ 26 Motions list**

All substantive and anticipated responsive motions must be listed on the motions list. No other substantive motions may be filed without prior Board authorization obtained during a conference call.

**¶ 27 Notice under 35 U.S.C. 135(c)**

Notice is hereby given of the requirement of 35 U.S.C. 135(c) for filing in the Office a copy of any agreement "in connection with or in contemplation of the termination of the interference."

**¶ 28 Specific substantive motions**

**¶ 28.1 Obviousness**

When obviousness (35 U.S.C. 103) is the basis for a motion for judgment, if a reference does not teach or suggest a limitation, that fact must be explicitly identified as a difference in the statement of material facts. The argument portion of the motion must account for the difference.

An explanation must be made in the body of the motion (not an appendix) why the subject matter of the claim, as a whole, would have been obvious to a person having ordinary skill in the art notwithstanding any difference.

**¶ 28.2 Inequitable conduct**

A motion alleging inequitable conduct must make out a *prima facie* case of inequitable conduct or fraud. Additional discovery (Bd. R. 150(c)) or a request to take testimony (Bd. R. 156), asserted to be necessary to make out a *prima facie* case, will rarely be authorized. An allegation of inequitable conduct or fraud that fails to make out a *prima facie* case may result in sanctions or a referral to the Office of Enrollment and Discipline.

**¶ 28.3 Adding a reissue application**

A movant seeking to add its own reissue application must stipulate that every added or amended claim (compared to the original patent) corresponds to a count in the interference. If the reissue application has not been filed in the Office, it must be filed directly with the Board.

Entered on 13 September 2004

GARY V. HARKCOM,
Acting Chief Administrative Patent Judge

FRED E. M<sup>c</sup>KELVEY
Senior Administrative Patent Judge

RICHARD E. SCHAFER
Administrative Patent Judge

JAMESON LEE
Administrative Patent Judge

RICHARD TORCZON
Administrative Patent Judge

CAROL A. SPIEGEL
Administrative Patent Judge

SALLY GARDNER LANE
Administrative Patent Judge

SALLY C. MEDLEY
Administrative Patent Judge

MICHAEL P. TIERNEY
Administrative Patent Judge

JAMES T. MOORE
Administrative Patent Judge

LINDA R. POTEATE
Administrative Patent Judge

MARK NAGUMO
Administrative Patent Judge

BOARD OF
PATENT
APPEALS AND
INTERFERENCES

21

**C21**

**C22**

**APPENDIX OF FORMS**

**Form 1. Standard caption for an interference**

Filed on behalf of:

| | |
|---|---|
| | [Name of filing party] |
| By: | [Name of lead counsel] |
| | [Name of backup counsel] |
| | [Street address] |
| | [City, State, and ZIP Code] |
| | [Telephone number] |
| | [Facsimile number] |

Paper No. [leave blank]

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES
(Administrative Patent Judge [Surname of administrative patent judge])

_____

[Name of junior party]
([Involved application or patent number])
Junior Party,

v.

[Name of Senior party]
([Involved application or patent number])
Senior Party.

_____

Patent Interference No. [interference number]

_____

[TITLE OF PAPER]

**C23**

APPENDIX OF FORMS

## Form 2.  Typical schedule for motions

---------------------------------------------------------------
*These times typically can be changed by stipulation*

TIME PERIOD 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6 weeks
    File substantive motions
    File (but serve one week later) priority statements

TIME PERIOD 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3 weeks
    File responsive motions to motions
    filed in TIME PERIOD 1

TIME PERIOD 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6 weeks
    File oppositions to all motions

TIME PERIOD 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6 weeks
    File replies

TIME PERIOD 5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6 weeks
    File request for oral argument
    File motions to exclude
    File observations

TIME PERIOD 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3 weeks
    File oppositions to motions to exclude
    File response to observations

---------------------------------------------------------------
*These times cannot be changed by stipulation*

TIME PERIOD 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2 weeks
    File replies to oppositions to motions to exclude

TIME PERIOD 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1 week
    File exhibits
    File sets of motions

24

**C24**

**Form 3.  Typical schedule for priority motions in an interference**

---

*These times typically can be changed by stipulation*

TIME PERIOD 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6 weeks
    <u>Junior party only</u> file priority brief and serve
    (but do not file) priority evidence

TIME PERIOD 10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6 weeks
    <u>Senior party only</u> file priority brief and serve
    (but do not file) priority evidence

TIME PERIOD 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6 weeks
    File opposition to priority briefs
    Serve (but do not file) opposition evidence

TIME PERIOD 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6 weeks
    File reply
    Serve (but do not file) reply evidence

TIME PERIOD 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6 weeks
    Request hearing
    File list of issues to be considered
    File observations
    File motion to exclude

TIME PERIOD 14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3 weeks
    File response to observations
    File opposition to motion to exclude

---

*The last time cannot be changed by stipulation*

TIME PERIOD 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2 weeks
    File reply to opposition to motion to exclude

TIME PERIOD 16 (Last Time) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1 week
    File and serve the exhibits
    File sets of priority motions

**Form 4.  File copy request**

FILE COPY REQUEST
Contested Case No. [Contested Case number]

Attach a copy of section E of the DECLARATION to this REQUEST.  On the copy, circle each patent and application that you are requesting.

Include the following information to facilitate processing of this REQUEST:

1.    Charge fees to USPTO Deposit Account No.  _____

2.    Complete address, including street, city, state, zip code and telephone number (do not list a Post Office box because file copies are sent by commercial overnight courier).

_____

_____

_____

_____

3.    Telephone, including area code:  _____

### APPENDIX: CROSS EXAMINATION GUIDELINES

**Introduction**

Cross examination can be a useful tool for determining the facts in a case.  In contested cases, direct testimony is usually presented by affidavit, Bd. R. 157(a), while cross examination occurs by oral deposition.  Bd. R. 157(b).

Cross examination should be a question-and-answer conversation between the examining lawyer and the witness.  The defending lawyer must not act as an intermediary, interpreting questions, deciding which questions the witness should answer and helping the witness formulate answers.  The witness comes to the cross examination to be questioned.  It is the witness, and not the lawyer, who is testifying.

The cross-examination guidelines below are essentially the deposition guidelines set out in *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D. Pa. 1993) (Gawthrop, J.)  The only significant difference, which results from Bd. R. 157(e)(4), is that certain objections must be noted on the record.

Failure to adhere strictly to these guidelines may be a basis for a sanction under Bd. R. 128, which could include a requirement that the witness, on very short notice may be directed to appear before the Board or elsewhere, as may be appropriate, coupled with any appropriate award of compensatory damages under Bd. R. 128(b)(6).  In addition, cross examination undertaken contrary to these guidelines may result in exclusion of an affidavit from evidence or in the assignment of little, if any weight, to the direct testimony of a witness who was cross examined.

**Guideline [1]**

At the beginning of a cross examination, the party conducting the cross examination must instruct the witness on the record to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions or explanations of any words,

CROSS EXAMINATION GUIDELINES

questions or documents presented during the cross examination.   The witness must follow these instructions.

**Guideline [2]**

A party may not direct or request that a witness not answer a question unless:

(a) a party has objected to the question on the ground that the answer would:

   (1) reveal privileged material or

   (2) violate a limitation the Board has imposed and

(b) counsel immediately places a conference call to the Board official assigned to the contested case asking for a ruling on the objection.

Under these circumstances, (i) the cross examination shall be suspended, (ii) the conference call immediately shall be placed to the Board official assigned to the contested case, and (iii) all counsel must be prepared to explain their respective positions during the call.   The court reporter for the cross examination shall be available to record the conference call and to read back questions to which an objection has been made.

If the Board cannot be reached, then the party directing a witness not to answer shall, within **two (2) business days**, deliver by hand (SO ¶ 4.2), overnight service (SO ¶ 4.3), or facsimile (SO ¶ 4.5) directly to the Board, and not to the Office Mail Room or any other part of the Office, a miscellaneous motion seeking relief. Bd. R. 121(a)(3).  Any opposition must be hand delivered to the Board within **two (2) business days** of service of the motion.   While a reply can be filed, the motion is likely to be decided before it is filed.

28

**C28**

CROSS EXAMINATION GUIDELINES

## Guideline [3]

Counsel must not make objections or statements that even remotely suggest an answer to a witness. Any objection to evidence during cross examination must be stated concisely and in a non-argumentative and non-suggestive manner and must include the legal basis for the objection. Examining counsel must not address the correctness of an objection, but may instead continue with questions to the witness, the objection having been noted on the record as required under Bd. R. 157(e)(4).[*]

## Guideline [4]

Counsel and their witness-clients shall not engage in private, off-the-record conferences during cross examinations or during breaks or recesses, except for the purpose of deciding whether to assert a privilege.[**]

---

[*] With respect to this guideline, the following observation by Judge Gawthrop, 150 F.R.D. at 530 n.10, is highly relevant:

> I also note that a favorite objection or interjection of lawyers is, "I don't understand the question; therefore the witness doesn't understand the question." This is not a proper objection. If the witness needs clarification, the witness may ask the deposing lawyer for clarification. A lawyer's purported lack of understanding is not a proper reason to interrupt a deposition. In addition, counsel are not permitted to state on the record their interpretations of questions, since those interpretations are irrelevant and often suggestive of a particularly desired answer.

By way of example, the following comments by defending counsel generally are viewed as suggesting an answer to a witness:
- (a)    Objection, vague.
- (b)    Objection to the form of the question.
- (c)    Take your time in answering the question.
- (d)    Look at the document before you answer.
- (e)    Counsel, do you want to show the witness the document?

[**] The term "witness-clients" in the context of this guideline includes all witnesses who are employed by, or otherwise under the control of, the real party-in-interest, including retained expert witnesses, as well as the individual or individuals named in the caption of the contested case. With respect to this guideline, the following observation by Judge Gawthrop, 150 F.R.D. at 528, is highly relevant:

> The fact that there is no judge in the room to prevent private conferences does not mean that such conferences should or may occur. The underlying reason for preventing private conferences is still present: they tend, at the very least, to give the appearance of obstructing the truth.

## C29

CROSS EXAMINATION GUIDELINES

### Guideline [5]

Any conferences that occur pursuant to, or in violation of, guideline [4] are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, the nature of that coaching.

### Guideline [6]

Any conferences that occur pursuant to, or in violation of, guideline [4] shall be noted on the record by the counsel who participated in the conference. The purpose and outcome of the conference shall also be noted on the record.

### Guideline [7]

Counsel taking cross-examination shall provide to defending counsel a copy of all documents shown to the witness during the cross examination. The copies shall be provided either before the cross examination begins or contemporaneously with the showing of each document to the witness. The witness and defending counsel do not have a right to discuss documents privately before the witness answers questions about the documents.

**APPENDIX: INDEX OF TIMES**

### Times running from initiation/declaration

Notice of lead and backup counsel (Bd. R. 108(b))  . . . . . . . . . . . . . . . . . . . . . . 14 days

Clean copy of claims (Bd. R. 110(a))  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14 days

Notice of real party-in-interest (SO ¶ 3.1)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14 days

Notice of related proceedings (SO ¶ 3.2)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14 days

Request for file copies (SO ¶ 11)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14 days

Annotated copy of claims (Bd. R. 110(b))  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28 days

Notice of confidential information (SO ¶ 1)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2 months

Initial settlement conference (SO ¶ 18.2)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3 months

### Default times before a triggering event

Service of demonstrative exhibit for oral argument (Bd. R. 124(d))  . . .  5 business days

Notice of transcription of oral argument (SO ¶ 16.2)  . . . . . . . . . . . . . .  1 business day

End of cross examination before opposition or reply (SO ¶ 22.1.2)  . . . . . . . . . .  10 days

List of documents and things for cross examination
    before conference call (Bd. R. 157(c)(3))  . . . . . . . . . . . . . . . . . . . .  3 business days

Notice of deposition (Bd. R. 157(c)(4))  . . . . . . . . . . . . . . . . . . . . . . . . .  2 business days

Conference call regarding interpreter for deposition (Bd. R. 157(d))  . .  5 business days

**Index of Times**

**Default times after a triggering event**

Notice of change in real party-in-interest (Bd. R. 8(a)(1)) . . . . . . . . . . . . . . . . . 20 days

Notice of change in related proceedings (Bd. R. 8(a)(2)) . . . . . . . . . . . . . . . . . 20 days

Notice of missing or incomplete copies (Bd. R. 109(c)) . . . . . . . . . . . . . . . . . 21 days

Notice of change in counsel (SO ¶ 10) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14 days

Service of requested automatic discovery materials (Bd. R. 150(b)(1)) . . . . . . . 21 days

Objection to admissibility of evidence (Bd. R. 155(b)(1)) . . . . . . . . . . . 5 business days

Service of supplemental evidence (Bd. R. 155(b)(2)) . . . . . . . . . . . . . 10 business days

Start of cross examination of affiant (SO ¶ 22.1.1) . . . . . . . . . . . . . . . . . . . . . . 21 days

Opposition to motion (other than miscellaneous motion) (Bd. R. 123(a)(1)) . . . . 30 days

Reply to opposition (other than miscellaneous motion) (Bd. R. 123(a)(2)) . . . . . 30 days

Responsive motion (Bd. R. 123(a)(3)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30 days

Opposition to miscellaneous motion (Bd. R. 123(b)(2)(i)) . . . . . . . . . . . 5 business days

Reply to opposition to miscellaneous motion (Bd. R. 123(b)(2)(ii)) . . . . 3 business days

Request oral argument (Bd. R. 124(a)) . . . . . . . . . . . . . . . . . . . . . . . 5  business days

Request for rehearing of decision (Bd. R. 125(c)(1)) . . . . . . . . . . . . . . . . . . . . 14 days

Identification of arbitrator after arbitration agreement (Bd. R. 126(a)(3)(iii)) . . . . 30 days

Copy of executed arbitration agreement (Bd. R. 126(b)(4)) . . . . . . . . . . . . . . . . 20 days

Arbitration award after date of award (Bd. R. 126(d)(4)) . . . . . . . . . . . . . . . . . . 20 days

Settlement conference after substantive motions decision (SO ¶ 18.3) . . . . . . 2 months

Request for rehearing of judgment (Bd. R. 127(d)) . . . . . . . . . . . . . . . . . . . . . 30 days

Notice of judicial review (Bd. R. 8(b)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20 days

**C32**

The opinion in support of the decision being
entered today is *not* binding precedent of the Board.

Paper 48

Filed by: Sally C. Medley
       Administrative Patent Judge
       Mail Stop Interference
       P.O. Box 1450
       Alexandria, VA 22313-1450
       Tel: 571-272-9797
       Fax: 571-273-0042

## UNITED STATES PATENT AND TRADEMARK OFFICE

### BEFORE THE BOARD OF PATENT APPEALS
### AND INTERFERENCES

MARC A. **JURGOVAN** and MARTIN B. DIERL
Junior Party,
(Patent 5,972,396 and Application 09/372,646),

v.

RONALD L. **RAMSEY**, ARTHUR MALIN, ROBERT HOGAN,
LAWRENCE SHARE and SCOTT M. RICHMOND
Senior Party,
(Application 09/481,723).

Patent Interference No. 105,173

### ORDER SETTING TIMES

### (Times for taking action--priority phase)

The preliminary motions filed in the interference have been decided (Paper 47).

Accordingly, it is time to commence the priority phase of the interference. Attached to this order

is the most current Trial Section Standing Order. The rules that became effective September 13,

2004[1] and the attached Standing order govern further proceedings in this interference.

---

[1] Fed. Reg., Vol. 69, No. 155 at 50,003 (Aug. 12, 2004).

## C33

The TIME PERIODS described below are set out in an Appendix to this ORDER. Action specified for each TIME PERIOD must be completed by the date specified for the TIME PERIOD.

The parties are authorized to stipulate different times (earlier or later, but not later than TIME PERIOD 15) for TIME PERIODS 9 through 14.[2]  A notice of the stipulation must be promptly filed.  The notice must be in the form of a photocopy of the Appendix attached to this ORDER with old dates crossed out and new dates inserted by hand.  The parties may not stipulate an extension of TIME PERIODS 15 or 16.

1.    **TIME PERIOD 9**

The junior party must:

    a.    File and serve a motion on priority and

    b.    Serve but not file evidence in support of the junior party priority case.

If the junior party does not file a priority motion, the junior party must arrange a conference call to the administrative patent judge so that appropriate action may be taken.

2.    **TIME PERIOD 10**

The senior party must:

    a.    File and serve a motion on of priority and

    b.    Serve but not file evidence in support of the senior party priority case.

3.    **TIME PERIOD 11**

    a.    File and serve oppositions to all priority motions and

    b.    Serve but do not file evidence in support of these oppositions.

4.    **TIME PERIOD 12**

---

[2]In stipulating different times, the parties should consider the effect of the stipulation on times (1) to object to evidence (5 business days, Bd. R. 155(b)(1)), (2) to supplement evidence (10 business days, Bd. R. 155(b)(1)), (3) to begin cross-examination (no earlier than 21 days after service, SO ¶ 22.1.1) and (4) to conclude cross examination (at least 10 days before opposition or reply is due,  SO ¶ 22.1.2).

        a.      File and serve replies to all oppositions and

        b.      Serve <u>but do not file</u> evidence in support of these replies.

**5.**    **TIME PERIOD 13**

        a.      File and serve any request for oral argument on priority,

        b.      File and serve motions to exclude evidence (Bd. R. 155(c); SO ¶ 21.3),

        c.      File and serve observations on cross examination (SO ¶ 22.7) of reply testimony, and

        d.      File and serve a list of any issues other than priority that should be considered in rendering a final decision in the interference.[3]

**6.**    **TIME PERIOD 14**

        a.      File and serve oppositions to an opponent's motion to exclude evidence and

        b.      File and serve any response to observations.

**7.**    **TIME PERIOD 15**

File and serve replies to oppositions to motions to exclude evidence.

**D. Deposition transcripts**

Transcripts of cross examinations and depositions taken under 35 U.S.C. § 24 must be served, but not filed with the board until the exhibits are filed.

**E.  Serving priority exhibits**

An exhibit, including an affidavit, relied upon in connection with priority must be served <u>but not filed</u> with the motion, opposition, reply or affidavit in which the exhibit is first mentioned.

---

[3]There is no need to list an issue previously resolved by a decision entered by a panel of at least three administrative patent judges inasmuch as these decisions merge with the judgment when a final decision is entered.

**C35**

F.     **TIME PERIOD 16: Filing the priority record**

    1.    File original set of your exhibits and one copy (or three copies if oral argument is set) of your exhibits;

    2.    For your priority motion, file one folder (three folders if an oral argument is set each) containing a set of motion documents consisting of:

        a.    The priority motion,

        b.    Any corresponding opposition,

        c.    Any corresponding reply,

        d.    Any corresponding observations, and

        e.    Any corresponding response to the observations.

    3.    File any ZIP® 100 Mb disk or CD-ROM.


/s/ Sally C. Medley
Administrative Patent Judge

cc (via e-mail):


Attorney for Jurgovan:

Mr. Joseph A. Hynds

e-mail: jhynds@rothwellfigg.com


Attorney for Ramsey:

Mr. Gerald Levy
e-mail: glevy@pitneyhardin.com


**C36**

**Appendix--ORDER - RULE 123(a)**
**(Times for priority motions)**

Interference 105,173

TIME PERIOD 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **27 December 2004**
    <u>Junior party only</u> file priority brief and serve
    (but do not file) priority evidence

TIME PERIOD 10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7 February 2005**
    <u>Senior party only</u> file priority brief and serve
    (but do not file) priority evidence

TIME PERIOD 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **21 March 2005**
    File opposition to priority briefs
    Serve (but do not file) opposition evidence

TIME PERIOD 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2 May 2005**
    File reply
    Serve (but do not file) reply evidence

TIME PERIOD 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **13 June 2005**
    Request hearing
    File list of issues to be considered
    File observations
    File motion to exclude

TIME PERIOD 14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5 July 2005**
    File response to observations
    File opposition to motion to exclude

TIME PERIOD 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **19 July 2005**
    File reply to opposition to motion to exclude

TIME PERIOD 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **26 July 2005**
    File and serve exhibits
    File sets of priority motions
    File ZIP® disks and CD-ROMs

# C37