IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ILLINOIS TOOL WORKS INC., <br> a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> FRITO-LAY NORTH AMERICA, INC., <br> f/k/a RECOT, INC., <br> a Delaware Corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. No. 06-054-GMS |

## JOINT STATUS REPORT

**1.    Jurisdiction and Service**

The parties agree that this Court has jurisdiction over the subject matter of, and the parties to, this action.

**2.    Substance of Action**

Plaintiff Illinois Tool Works Inc. ("ITW"), pursuant to 35 U.S.C. § 146, requests a review and reversal of the Final Decision and Decision on Motions ("Final Decision") dated November 29, 2005, entered by the Board of Patent Appeals and Interferences (the "Board") of the United States Patent and Trademark Office ("PTO") in Patent Interference No. 105,173 ("the '173 Interference"). The Board awarded priority of the subject matter of Counts 1 and 2 declared in the '173 Interference to Jurgovan. (The real party in interest for Jurgovan is Defendant Frito-Lay North America, Inc., formerly known as Recot, Inc. ("Frito-Lay")). As a result, the Board held that Jurgovan was entitled to the contested subject matter of U.S. Patent No. 5,972,396 ("the '396 patent"), U.S. Application

No. 09/372,646 ("the '646 Application"), and U.S. Application No. 09/481,723 ("the '723 Application") involved in the '173 Interference. As explained briefly below, ITW (which is the real party of interest of Ramsey) asserts that this Court should reverse the Final Decision.

Frito-Lay asserts that the Board's decision to award priority of the subject matter of Counts 1 and 2 in the '173 Interference to Jurgovan was entirely proper and that the Board's Final Decision should be affirmed in all respects.

### 3. Identification of Issues

ITW asserts that the issues to be resolved in this action include whether: (a) priority as to Counts 1 and 2 was properly awarded to Jurgovan; (b) Ramsey derived the subject matter of Counts 1 and 2 from Jurgovan; (c) Counts 1 and 2 are patentable over the prior art, consistent with the direction set forth in the Court's July 9, 2007 Memorandum and Order; and (d) Jurgovan is entitled to contested subject matter of the '396 patent and the '646 and '723 Applications.

Frito-Lay asserts that the issues to be resolved in this action include whether: (a) priority as to Counts 1 and 2 was properly awarded to Jurgovan; (b) Ramsey derived the subject matter of Counts 1 and 2 from Jurgovan; and (c) Jurgovan is entitled to contested subject matter of the '396 patent and the '646 and '723 Applications.

### 4. Narrowing of Issues

ITW believes that it is premature to determine whether issues may be narrowed by way of stipulation or dispositive motions.

Frito-Lay may file a request for permission to file one or more motions for summary judgment that could reduce the number of issues to be decided at trial.

5.  **Relief**

ITW seeks reversal of the Board's award of priority to Jurgovan and for priority to be awarded to Ramsey, and reversal of the Board's decision on derivation and a finding that Jurgovan derived Counts 1 and 2 from Ramsey. In the event that Ramsey is not entitled to an award of priority and/or derivation, the Court should conclude that Counts 1 and 2 are unpatentable over the prior art.

Frito-Lay seeks affirmance of the Board's determination that Ramsey derived the subject matter of Counts 1 and 2 from Jurgovan and affirmance of the Board's award of priority to Jurgovan. Frito-Lay further requests that ITW not be awarded any relief in connection with its Complaint. Finally, Frito-Lay respectfully requests that it be awarded its attorney's fees, disbursements, costs and expenses in this action – as permitted by 35 U.S.C. § 285 or otherwise – along with any other relief the Court deems to be just and proper.

6.  **Amendment of Pleadings**

The parties have agreed that, unless the Court orders otherwise, all motions to amend the pleadings shall be filed by October 15, 2007.

7.  **Joinder of Parties**

The parties have agreed that, unless the Court orders otherwise, all motions to join other parties shall be filed by October 15, 2007.

8.  **Discovery**

This matter has been stayed pending the Court's decision to resolve the dispute on whether ITW could raise the question of patentability. Accordingly, discovery has not yet started. The parties have agreed that there should be no limit to the number of document requests or requests for admissions, only that the number be reasonable. The

parties have also agreed that each side shall be limited to 25 interrogatories. Plaintiff proposes that each side be permitted to take up to 70 hours of fact depositions, and Defendant proposes that each side be permitted to take up to 100 hours of fact depositions, with the understanding that each deposition shall be limited pursuant to Fed. R. Civ. P. 30(d)(2) to one day of no more than seven hours. Defendant further believes that should the need arise later in the case to modify the above limits, the parties can and should work together to reach any reasonable accommodation that is available.

**9.    Estimated Trial Length**

The parties estimate that the trial of this case will take approximately 7 days. The parties jointly propose a trial in December 2008, or as soon thereafter as the Court's schedule permits. Attached as Exhibit A is a form of Scheduling Order indicating Plaintiff's and Defendant's proposals, with the differences in bold.

**10.    Jury Trial**

Neither party has demanded a jury trial.

**11.    Settlement**

The parties have discussed and are continuing to discuss settlement.

**12.    Other Matters**

Because confidential information will have to be exchanged in this action, the parties agree that a protective order will be necessary. They are discussing a form of stipulation and protective order, although no agreement has yet been reached and will abide by the Local Rules in the interim.

Counsel for the parties have conferred about each of the above matters.

| MORRIS, NICHOLS, ARSHT & TUNNELL | YOUNG CONAWAY STARGATT & TAYLOR |
|---|---|
| */s/ Rodger D. Smith II (#3778)* | */s/ John W. Shaw (#3362)* |
| William M. Lafferty (#2755) | John W. Shaw (#3362) |
| Rodger D. Smith II (#3778) | Karen L. Pascale (#2903) |
| 1201 N. Market Street | The Brandywine Building |
| P.O. Box 1347 | 1000 West Street, 17th Floor |
| Wilmington, DE 19899 | Wilmington, DE 19899-0391 |
| (302) 658-9200 | (302) 571-6600 |
| Attorneys for Plaintiff | Attorneys for Defendant |
| Illinois Tool Works Inc. | Frito-Lay North America, Inc |
| OF COUNSEL: | OF COUNSEL: |
| PITNEY HARDIN LLP | ROTHWELL, FIGG, ERNST & MANBECK |
| Gerald Levy | Joseph A. Hynds |
| Richard H. Brown | Glenn E. Karta |
| 7 Times Square, 20th Floor | 1425 K Street NW, Suite 800 |
| New York, NY 10036 | Washington, DC 20005 |

July 24, 2007
981303

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ILLINOIS TOOL WORK INC., a Delaware corporation, </br></br> Plaintiff, </br> v. </br></br> FRITO-LAY NORTH AMERICA, INC., f/k/a RECOT, INC., a Delaware corporation. </br></br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

C.A. No. 06-054-GMS

**[PROPOSED] SCHEDULING ORDER**

This _____ day of _____, 2007, the Court having conducted a scheduling and planning conference on July 31, 2007, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures**. Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before August 24, 2007.

2. **Joinder of Other Parties and Amendment of Pleadings**. Except for good cause shown, all motions to join other parties and amend the pleadings shall be filed on or before October 15, 2007.

3. **Discovery**. All fact discovery in this case shall he initiated so that it will be completed on or before February 29, 2008. Expert discovery in this case shall be initiated so that it will be completed on or before June 30, 2008. Expert reports on issues on

which a party will bear the burden of proof at trial shall be served by April 14, 2008, and rebuttal reports shall be served by May 28, 2008.

    a. **Discovery Disputes and Scheduling Matters**. Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **joint, non-argumentative** letter agenda not to exceed two (2) pages outlining the issues in dispute. A sample letter can be located on this court's website at www.ded.uscourts.gov. After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery conference. Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

    4. **Confidential Information and Papers Filed Under Seal**. Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten (10) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 3(a).**

      5.    **Settlement Conference**.  Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.  If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

      6.    **Summary Judgment Motions**.  Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion.  The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than July 11, 2008.  Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than July 25, 2008.  Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before August 1, 2008**.**  The Court shall hold a status conference to hear argument and to determine whether the filing of any motion for summary judgment will be permitted on _____, 2008 at _____a.m.  **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 6.**

      7.    **Case Dispositive Motions**.  All case dispositive motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before August\_\_\_, 2008.  Briefing will be presented pursuant to the court's Local Rules, unless the parties agree to an alternative briefing schedule.  Any such agreement shall be in writing and filed with the Court for the Court's approval.  Any request for extensions of time

as forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

        8.    **Applications by Motion**. Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

        9.    **Oral Argument**. If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to Local Rule 7.1.4.

        10.    **Daubert Issues.** The Court will address Daubert issues at the Pretrial Conference.

        11.    **Pretrial Conference**. On _____ 2008, beginning at \_\_\_\_\_, the Court will hold a Pretrial Conference in Chambers with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov. Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order. **Motions *in limine***: No party shall file more than five (5) motions *in limine*. Briefs (opening, answering and reply) on all motions *in limine* shall be filed by _____. Opening and answering briefs shall not

-5-

exceed five (5) pages and reply briefs shall not exceed three (3) pages.  The parties will file with the court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which can be located on this court's website at www.ded.uscourts.gov on or before _____.

        12.   **Trial.**  This matter is scheduled for a 7 day non-jury trial beginning at _____a.m. on _____.

        13.   **Scheduling.**  The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel are on the line for purposes of selecting a new date.

_____
UNITED STATES DISTRICT COURT JUDGE

981323