IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ILLINOIS TOOL WORKS INC., <br> a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> FRITO-LAY NORTH AMERICA, INC., <br> f/k/a RECOT, INC., <br> a Delaware Corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 06-054-GMS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**OPENING BRIEF OF PLAINTIFF ILLINOIS TOOL WORKS INC. IN SUPPORT OF ITS MOTION FOR VOLUNTARY DISMISSAL OF THE COMPLAINT WITHOUT PREJUDICE PURSUANT TO FED R. CIV. P. 41(a)(2)**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com
  *Attorneys for Plaintiff Illinois Tool Works Inc.*

OF COUNSEL:

Gerald Levy
Richard H. Brown
DAY PITNEY LLP
7 Times Square, 20th Floor
New York, NY 10036

December 28, 2007

TABLE OF CONTENTS

Page

NATURE AND STAGE OF PROCEEDING ..................................................................................1

ARGUMENT..................................................................................................................................2

CONCLUSION...............................................................................................................................4

TABLE OF AUTHORITIES

**FEDERAL CASES**

*Buse v. The Vanguard Group,* No. 91-3560, 1994 U.S. Dist. LEXIS 3978
  (E.D. Pa. March 31, 1994) ..................................................................................................2, 3

*DuToit v. Strategic Minerals Corp.,* 136 F.R.D. 82 (D. Del. 1991) ................................................3

*Gap, Inc. v. Stone Int'l Trading, Inc.,* 169 F.R.D. 584, 588 (S.D.N.Y. 1997)................................3

*Mobil Oil Corp. v. Advanced Envtl. Recycling Tech. Inc.,*
  203 F.R.D. 156 (D. Del. 2001) ........................................................................................2, 3

*Schandelmeier v. Otis Div. of Baker-Material Handling Corp.,*
  143 F.R.D. 102 (W.D. Pa. 1992) ..........................................................................................3

**SECONDARY AUTHORITY**

8 *Moore's Federal Practice* (3d Ed.).............................................................................................3

**FEDERAL STATUTES**

35 U.S.C. § 146................................................................................................................................1

**RULES**

Fed. R. Civ. P. 41(a)(2)...........................................................................................................1, 2, 4

NATURE AND STAGE OF PROCEEDING

Plaintiff Illinois Tool Works Inc. ("ITW") moves pursuant to Fed. R. Civ. P. 41(a)(2) for an order dismissing the Complaint without prejudice. As discussed below, ITW makes this motion because it was unable to secure the stipulation of Defendant Frito-Lay North America, Inc. ("Frito-Lay") to dismissal of the Complaint without prejudice.

ITW commenced this action to review the November 29, 2005 Final Decision and Decision on Motions by the Board of Patent Appeals and Interferences ("Board") of the United States Patent and Trademark Office ("PTO") in connection with Patent Interference No. 105,173 ("the Interference"). The Board's November 29, 2005 decision in the Interference adjudicated a dispute as to priority and derivation of inventions concerning a zippered flexible package containing a food product in which the package is pinch-grip openable, and the method of opening and re-closing a pinch-grip openable package that contains a food product.

On January 27, 2006, ITW filed this case pursuant to 35 U.S.C. § 146, which provides for review of decisions by the Board in interference proceedings by an action in the District Court. The Complaint was filed within the 60 days required to file such an action under 35 U.S.C. § 146. Frito-Lay filed an answer, consisting of affirmative defenses and denials of certain allegations. It did not assert a counterclaim.

This case in the District Court remains in its preliminary stages. In December 2006, the Court elected to defer proceedings in this matter pending resolution of a dispute on whether ITW would be permitted to litigate the issue of patentability, which had been raised in the Interference by ITW but not decided by the Board. On July 9, 2007, this Court ruled on that issue, and conducted an initial scheduling conference on July 31, 2007. In November 2007, each party served requests for written discovery, but they have not yet provided their respective

responses.[1]  There has been no deposition discovery, and the deadline for completing fact discovery is February 29, 2008.  This case is scheduled for trial in October 2008.

In December 2007, ITW proposed to Frito-Lay that it would dismiss its Complaint without prejudice.  ITW took this step because settlement discussions with Frito-Lay had broken down, and ITW assessed that the costs of further pursuing the matter were unlikely to be justified by the potential benefits if ITW were to prevail.  ITW proposed a dismissal "without prejudice" to avoid doubt as to whether arguments raised in the Interference, but not decided by the Board, would be affected by a "with prejudice" dismissal.

Dismissal of the Complaint without prejudice will terminate this matter and extinguish ITW's rights of review of the November 29, 2005 decision.  Frito-Lay's counsel stated that he did not have authority from his client to agree to ITW's "without prejudice" voluntary dismissal proposal.  Accordingly, ITW now moves to dismiss this action voluntarily without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

ARGUMENT

Fed. R. Civ. P. 41(a)(2) allows for the voluntary dismissal of an action at the plaintiff's request "by court order, on terms that the court considers proper."[2]  A district court has broad discretion to determine whether the terms are "proper," and whether a complaint should be dismissed without prejudice.  Courts generally grant Rule 41(a)(2) motions unless the non-moving party can show that it will suffer legal prejudice if the case is dismissed. *E.g., Mobil Oil*

---

[1] With discussions pending on a potential resolution of this matter through a voluntary dismissal, Frito-Lay has agreed to extend the dates for responding to these requests until early January 2008.

[2] The aspect of Rule 41(a)(2) concerning independent adjudication of pending counterclaims is not applicable, as Frito-Lay has no counterclaims.

*Corp. v. Advanced Envtl. Recycling Tech. Inc.,* 203 F.R.D. 156, 157-58 (D. Del. 2001); *Buse v. The Vanguard Group.,* No. 91-3560, 1994 U.S. Dist. LEXIS 3978 *1, *10 (E.D. Pa. March 31, 1994).

"Legal prejudice" in this context involves either a compromise of the non-moving party's legal rights or when financial or other burdens imposed on the non-moving party in the litigation are such that dismissal would be unreasonable. *See* 8 *Moore's Federal Practice* (3d Ed.) at § 41.06[6] (collecting authority). Courts routinely grant requests to dismiss without prejudice, especially when it is early in the proceedings, with little discovery or motion practice having taken place. *E.g., Mobil*, 203 F.R.D. at 158; *DuToit v. Strategic Minerals Corp.,* 136 F.R.D. 82, 87 (D. Del. 1991); *Schandelmeier v. Otis Div. of Baker-Material Handling Corp.*, 143 F.R.D. 102 (W.D. Pa. 1992).

The Court should grant ITW's motion because a dismissal without prejudice would not cause legal prejudice to or otherwise harm Frito-Lay. There is no injury or compromise to Frito-Lay's legal rights. As the prevailing party on the Interference, Frito-Lay will not be harmed by ITW's decision to abandon its rights to seek review of the Board's November 29, 2005 decision. ITW is well beyond the 60 day period for filing a Section 146 based on the Board's decision. There is therefore no prospect of this case being refiled, which strongly favors granting ITW's motion to dismiss without prejudice. *See Gap, Inc. v. Stone Int'l Trading, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y. 1997). Nor is there any other harm to Frito-Lay. Discovery is in the preliminary stages, with no written discovery responses yet served and no depositions scheduled. There are no pending motions, and the case (apart from the procedural motion decided in July 2007) has progressed little beyond the pleading stage. As a result, Frito-

Lay would suffer neither legal prejudice nor any other type of harm if this matter is dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the Court should grant ITW's motion and issue an order under Rule 41(a)(2) dismissing this action without prejudice and without costs.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com
  *Attorneys for Plaintiff Illinois Tool Works, Inc.*

OF COUNSEL:

Gerald Levy
Richard H. Brown
DAY PITNEY LLP
7 Times Square
New York, NY  10036-7311
(212) 297-5800

December 28, 2007

1347972

4

**CERTIFICATE OF SERVICE**

I, Rodger D. Smith II, hereby certify that on December 28, 2007, I caused the foregoing to be electronically filed, which will send notification of such filing(s) to the following:

> John W. Shaw, Esquire
> Karen L. Pascale, Esquire
> YOUNG CONAWAY STARGATT & TAYLOR LLP

I also certify that copies were caused to be served on December 28, 2007, upon the following in the manner indicated:

**BY EMAIL AND HAND DELIVERY**

John W. Shaw, Esquire
Karen L. Pascale, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 West Street
Wilmington, DE  19801
jshaw@ycst.com
kpascale@ycst.com

**BY EMAIL**

Joseph A. Hynds, Esquire
Glenn E. Karta, Esquire
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1423 K Street, N.W., Suite 800
Washington, DC  20005
jhynds@rfem.com
gkarta@rfem.com

 */s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com